ERIC M. ALDERETE, STATE BAR NO. 199565
eric.alderete@usbank.com
U.S. BANK NATIONAL ASSOCIATION
3121 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (949) 798-6781
Facsimile: (949) 798-4258

Attorneys for Defendants
U.S. Bank National Association, Successor in
Interest to the Federal Deposit Insurance
Corporation as Receiver for Downey Savings and
Loan Association, F.A. and Deutsche Bank
National Trust Company as Trustee for
Harborview Mortgage Loan Trust 2005-4

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHEN, an Individual,<br><br>       Plaintiff,<br><br>       v.<br><br>U.S. Bancorp, a Delaware Corporation doing business as U.S. Bank, N.A. and as successor in interest for DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.;  NATIONAL DEFAULT SERVICING CORPORATION, an Arizona Corporation; DEUTSCHE BANK SECURITIES INC., a Delaware Corporation dba DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Harborview Mortgage Loan Trust 2005-4; DOES 1 THROUGH 100 INCLUSIVE,<br><br>       Defendants. | Case No.  12-cv-2895 JAH NLS<br><br>**DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.'S AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2005-4'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>**[FRCP 12(b)(6)]**<br><br>Date:     February 24, 2014<br>Crtrm:   13B (Annex)<br>Time:    2:30 p.m.<br>Judge:   Honorable John A. Houston<br><br>[Complaint Filed: December 5, 2012] |

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF CONTENTS ................................................................................ i

TABLE OF AUTHORITIES ......................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................ 1

I.     INTRODUCTION ............................................................................. 1

II.    STATEMENT OF FACTS ................................................................. 1

III.   LEGAL STANDARD ........................................................................ 3

IV.    ANALYSIS ......................................................................................... 4

       A.     The First Cause Of Action For Declaratory Relief Should Be
              Dismissed Because It Simply Reasserts Plaintiff's Other Failed
              Claims ...................................................................................... 4

       B.     The Second Cause Of Action For Fraud Is Deficiently Pled ........................ 4

              1.     Plaintiff does not plead the necessary elements nor specifically
                     plead....................................................................................

              2.     This claim is preempted.........................................................

              3.     The claim is time-barred.........................................................

       C.     The Third Cause Of Action For "Willful And Oppressive
              Foreclosure" Fails................................................................... 6

       D.     The Fourth Cause Of Action For Slander Of Title Fails As A Matter
              Of Law ...................................................................................... 8

       E.     The Fifth Cause Of Action For Cancellation Of  Trustee's Deed Upon
              Sale States No Basis To Set Aside The Trustee's Sale ................................. 10

       F.     The Sixth Cause Of Action For Unlawful Business Practices In
              Violation Of Business And Professions Code §§ 17200 Fails..................... 11

              1.     The § 17200 claim is preempted by the Home Owners Loan Act,
                     12 U.S.C Section 1464 ........................................................ 11

              2.     This claim is not specifically pleaded ............................................. 12

       G.     The Seventh Cause Of Action Fails Because Possession Of The Note
              Is Not Prerequisite To Foreclosure................................................. 13

       H.     The Eighth Cause Of Action For Breach Of The Implied Covenant Of
              Good Faith And Fair Dealing Is Deficient ......................................... 14

V.     CONCLUSION ................................................................................. 15

# TABLE OF AUTHORITIES

**CASES**                                                               **Page(s)**

*Albertson v. Raboff,*
  46 Cal. 2d 375 (1956).................................................................. 10

*Bank of America v. City and County of San Francisco,*
  309 F.3d 551 (9th Cir. 2002) ....................................................... 6

*Bassett v. Ruggles,*
  2010 U.S. Dist. LEXIS 37666 (E.D. Cal. Apr. 15, 2010)............. 11

*Berryman v. Merit Prop. Mgmt., Inc.,*
  152 Cal. App. 4th 1544 2007)...................................................... 12

*Biggins v. Wells Fargo & Co.,*
  N.D.Cal.2009, 266 F.R.D. 399 ..................................................... 8

*Bretthauer v. Foley,*
  15 Cal. App. 19 (1910)................................................................. 11

*Cahill v. Liberty Mut. Ins. Co.,*
  80 F.3d 336, 337-38 (9th Cir. 1996) ............................................ 3

*Candelo v. NDEX West, LLC,*
  2008 WL 5382259, at *4 (E.D.Cal. Dec.23, 2008) ..................... 13

*DiLeo v. Ernst & Young,*
  901 F.2d 624 (7th Cir. 1990)......................................................... 5

*Ford v. Manufacturers Hanover Mort. Corp.*
  831 F. 2d 1520 (9th Cir. 1987) .................................................... 14

*Globe Int'l v. Superior Court,*
  9 Cal. App. 4th 393 (1992) ........................................................... 5

*Gudger v. Manton,*
  21 Cal. 2d 537 (1943)................................................................... 10

*Hamilton v. Greenwich Investors XXVI, LLC,*
  195 Cal.App.4th 1602 (2011) ....................................................... 8

*Hironymous v. Hiatt,*
  52 Cal. App. 727 (1921)............................................................... 11

*Hohn v. Riverside County Flood Control & Water Conserv. Dist,*
  228 Cal.App.2d 605 (1964)........................................................... 11

*Howard v. Schaniel,*
  113 Cal. App. 3d 256 (1980)......................................................... 9

*I.E. Assocs. v. Safeco Title Ins. Co.,*
  39 Cal.3d 281 (1985).................................................................... 13

*Intengan v. BAC Home Loans Servicing LP,*
  214 Cal.App.4th 1047 (2013) ....................................................... 8

*Joshua Hendy Machine Works v. American Steam-Boiler Ins. Co. of New York,*
  86 Cal. 248 (1890)........................................................................ 11

*Kanady v. GMAC Mortgage, LLC,*
  2010 U.S. Dist. LEXIS 108945, at *13 (N.D. Cal. Oct. 13, 2010)............... 11

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009)...................................................... 12

ii

*Kim v. Sumitomo Bank*,
   17 Cal. App. 4th 974 (1993) ................................................................. 6

*Krantz v. BT Visual Images*,
   89 Cal. App. 4th 164 (2001) ................................................................ 13

*Laborers' Pension Fund v. Blackmore Sewer Constr.*
   298 F. 3d 600 (7th Cir. 2002)................................................................ 2

*Lazar v. Hertz Corp.*,
   69 Cal. App. 4th 1494 (1999) .............................................................. 12

*LiMandri v. Judkins*,
   52 Cal. App. 4th 326 (1997) ................................................................. 5

*Mabry v. Superior Court*,
   185 Cal. App. 4th 208 (2010) ........................................................... 8, 14

*McReynolds v. HSBC Bank USA*,
   2012 U.S. Dist. LEXIS 114615, *13 n.3 (N.D. Cal. Aug. 14, 2012)................. 14

*Milstein v. Security Pac. Nat. Bank*,
   27 Cal. App. 3d 482 (1972).................................................................. 14

*Moeller v. Lien*,
   35 Cal. App. 4th 822 (1994) ............................................................. 7, 13

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)................................................................. 3

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ........................................................................... 3

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998)................................................................. 4

*Pfeifer v. Countrywide Home Loans, Inc.*,
   211 Cal.App.4th 1250 (2012) ................................................................ 7

*Philipson & Simon v. Gulsvig*,
   154 Cal. App. 4th 347 (2007) ................................................................ 5

*Price v. Wells Fargo Bank*,
   213 Cal. App. 3d 465 (1989)............................................................. 5, 14

*Putkkuri v. ReconTrust Co.*,
   2009 WL 32567, at *2 (S.D. Cal. Jan 5, 2009).......................................... 13

*Remo v. Wachovia Mortg.*,
   2011 U.S. Dist. LEXIS 86607 (N.D. Cal. Aug. 5, 2011) ............................... 6

*Roberts v. Corrothers*,
   812 F.2d 1173 (9th Cir. 1987)............................................................... 3

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984)................................................................. 3

*Salazar v. Accredited Home Lenders, Inc.*,
   2010 U.S. Dist. LEXIS 66599 (S.D. Cal. July 2, 2010) ................................ 9

*Sanchez v. MortgageIt, Inc.*,
   2011 U.S. Dist. LEXIS 13142 (N.D. Cal. Feb. 10, 2011) ............................. 9

*Schoolcraft v. Ross*,
   81 Cal. App. 3d 75 (1978)................................................................... 14

iii

*Scripps Clinic v. Superior Court*,
  108 Cal. App. 4th 917, 940 (2003) ................................................ 13
*Sicairos v. NDEX West, LLC*,
  2009 WL 385855 *2 (S.D. Cal. 2009) ............................................ 7
*Silvas v. E*Trade Mortg. Corp.*,
  514 F.3d 1001 (9th Cir. 2008) ................................................ 6, 11
*Skopp v. Weaver*,
  16 Cal. 3d 432 (1976) ............................................................ 10
*Spencer v. Harmon Enterprises, Inc.*,
  234 Cal. App. 2d 614, 622 (1965) .............................................. 10
*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ..................................................... 4
*Surf & Sand, LLC. v. City of Capitola*,
  2008 WL 2225684, *2 n.5 (N.D. Cal. 2008) ................................... 4
*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..................................................... 5
*Thompson v. Davis*,
  295 F.3d 890 (9th Cir. 2002), *cert denied*, 538 U.S. 921 (2003) .................. 3
*Tuck v. Wells Fargo Home Mortg.*,
  2012 U.S. Dist. LEXIS 97777, *15  (N.D. Cal. July 13, 2012) .............. 8
*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)................................................... 12
*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981)..................................................... 3
*Wornum v. Aurora Loan Servs.*,
  2011 U.S. Dist. LEXIS 89461 at *25 (N.D. Cal. Aug. 11, 2011)............ 8
*Yourish v. Cal. Amplifier*,
  191 F.3d 983, 993 n.10 (9th Cir. 1999)....................................... 12


**FEDERAL STATUTES**
12 C.F.R. § 560.2.................................................................... 6
12 C.F.R. § 560.2(a) ............................................................... 6
12 C.F.R. § 560.2(b) ......................................................... 6, 8, 11
12 C.F.R. § 560.2(b)(4) ...................................................... 6, 8, 11
12 C.F.R. § 560.2(b)(10) ..................................................... 6, 8, 11
12 U.S.C. § 1464............................................................... 6, 11
15 U.S.C. § 1641.................................................................. 6

**STATE STATUTES**
Cal. Bus. & Prof. Code § 17200 ....................................... 11, 12, 13
Cal. Civ. Code  § 47............................................................... 9
Cal. Civ. Code  § 47(b).......................................................... 8, 9
Cal. Civ. Code  § 2923.5........................................................ 7
Cal. Civ. Code  § 2923.6........................................................ 7, 8
Cal. Civ. Code  § 2923.5(a) ..................................................... 6
Cal. Civ. Code  § 2924(a)(1) .................................................. 13
Cal. Civ. Code  § 2924(a)(1)(B) ............................................. 10

iv

Cal. Civ. Code  § 2924(d) ............................................................................................. 9
Cal. Civ. Code  § 3412 ................................................................................................. 10
Evidence Code §452(c) .................................................................................................. 2
Evidence Code §452(h) .................................................................................................. 2

**FEDERAL RULES**
Fed. R. Civ. Proc. 9(b) ............................................................................................ 4, 12
Fed. R. Civ. Proc. 12(b)(6) ...................................................................................... 1, 3

MEMORANDUM OF POINTS AND AUTHORITIES

Defendants U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A. (erroneously named herein as "U.S. Bancorp, a Delaware Corporation doing business as U.S. Bank, N.A. and as successor in interest for Downey Savings and Loan Association, F.A.") ("U.S. Bank") and Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust 2005-4 (erroneously named herein as "Deutsche Bank Securities, Inc., a Delaware Corporation dba Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust 2005-4") ("Deutsche Bank") (collectively referred to as "Defendants") submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss  the First Amended Complaint ("FAC") of plaintiff Daniel Chen ("Plaintiff"), pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

## I.

## INTRODUCTION

Plaintiff's FAC against Defendants is riddled with vague, conclusory, shot-gun allegations of fraud and other misconduct.  Yet Plaintiff does not bother to state specific facts of how and where the purported fraud occurred, and in fact, fails to offer any specific facts as to how Defendants engaged in any wrongful conduct.  Plaintiff also seeks to rescind his mortgage loan documents and unwind the Notice of Default and Notice of Sale without paying the amounts he owes.  The entire thrust of Plaintiff's FAC is that Defendants must produce the Note before proceeding with foreclosure which is not a prerequisite to foreclosure.  As a result of these insurmountable deficiencies appearing on the face of the FAC, this Court should stop Plaintiff at the courtroom door and not allow him to proceed.

## II.

## STATEMENT OF FACTS

On approximately December 16, 2004, Plaintiff obtained a $762,000 loan ("the Loan") from Downey Savings and Loan Association, F.A. ("Downey Savings").  (FAC, ¶¶ 5, 12, Exh. A".)  To secure this loan, Plaintiff executed a deed of trust (the "Deed of

1

1   Trust") concerning the real property located at 4939 East Mountain View Drive, San

2   Diego, California (the "Property").  (*Id*.)  The Deed of Trust was recorded with the San

3   Diego County' Recorder's Office on December 28, 2004 bearing instrument number 2004-

4   1219454.  (*Id*.)

5           On February 1, 2005, Downey Savings transferred all beneficial interest under the

6   Deed of Trust, along with "the note or notes therein described or referred to, the money

7   due and to become due thereon with interest and all rights accrued or to accrue under said

8   Deed of Trust," to Deutsche Bank National Trust, as Trustee for Harborview 2005-4.

9   (Request for Judicial Notice hereinafter "RJN", Exhibit 1)  This document was recorded on

10  October 23, 2012 bearing instrument number 2012-0648875.  *Id*.

11          On November 21, 2008, the Office of Thrift Supervision closed Downey Savings

12  and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for that

13  financial institution. On the same date, the FDIC sold the banking operations and certain

14  assets of Downey Savings to U.S. Bank, including, Plaintiff's Loan with Downey

15  Savings.[1]

16          On November 16, 2012, the Trustee under the Deed of Trust, DSL Service

17  Company, substituted National Default Servicing Corporation ("NDSC") as Trustee and

18  recorded a Substitution of Trustee on November 16, 2012 bearing document number 2012-

19  0716202.  (RJN, Exh. 2.)  Plaintiff failed to make his payments as required under the Loan.

20  As a result, on January 4, 2012, a Notice of Default and Election to Sell was recorded

21  against the Property.  (RJN, Exh. 3.)  On November 16, 2012, a Notice of Trustee's Sale

22  was recorded bearing document number 2012-0716203.  (RJN, Exh. 4.)

23

24  _____

25  [1] This information is taken from the FDIC's website.  *See*
    www.fdic.gov/bank/individual/failed/downey.html.  This Court can take judicial notice of the
26  information contained on this website pursuant to Evidence Code sections 452(c) and (h).
    *Laborers' Pension Fund v. Blackmore Sewer Constr*., 298 F.3d 600, 607 (7th Cir. 2002) (taking
27  judicial notice of information from the FDIC's official website).

28

MEMORANDUM OF POINTS AND AUTHORITIES

On December 5, 2012, Plaintiff filed the Complaint against Defendants.  The parties submitted their papers in connection with Defendants' Motion to Dismiss the Complaint. On June 26, 2013, the Court Ordered all causes of action dismissed without prejudice and that an amended complaint be filed by no later than July 26, 2013.  Plaintiff did not file his amended complaint by July 26, 2013 and, instead filed a motion for leave to file an amended complaint.  Defendants opposed that motion.  On November 21, 2013, the Court granted Plaintiff's Motion for Leave to Amend and on December 6, 2013, Plaintiff filed the FAC.

For the reasons set forth below, Defendants move to dismiss Plaintiff's FAC pursuant to 12(b)(6).

### III.

### LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint.  Fed. R. Civ. p. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.")

Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), *cert denied*, 538 U.S. 921 (2003); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions

of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th Cir. 2001).  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

## IV.

## ANALYSIS

**A.**    **The First Cause Of Action For Declaratory Relief Should Be Dismissed Because It Simply Reasserts Plaintiff's Other Failed Claims.**

Plaintiff's claim for declaratory relief is nothing more than a reassertion of his other claims and, specifically, the Trustee's "right to foreclose".  (FAC, ¶ 16.)   This alleged "controversy" forms the basis of each of Plaintiff's other claims.  For all the reasons Plaintiff's other claims fail, Plaintiff cannot obtain declaratory relief and his first cause of action should be dismissed.  *See Surf & Sand, LLC. v. City of Capitola*¸ 2008 WL 2225684, *2 n.5 (N.D. Cal. 2008) (holding that a declaratory relief claim "rises or falls with [the plaintiff's] other claims").

**B.**    **The Second Cause Of Action For Fraud Is Deficiently Pled.**

Plaintiff alleges fraud because (1) Defendants did not offer him an accounting and (2) "Defendants had actual knowledge that they were not the true Note Holders". (FAC, ¶¶ 21-24.)

Due to the inflammatory nature of a fraud allegation and the need to guard against frivolous claims, a claimant must allege every element of a cause of action for fraud factually and specifically.  Fed. R. Civ. Proc. 9(b).

The requirements to state a claim for fraud are: (1) a misrepresentation, including a false representation, concealment or nondisclosure; (2) knowledge of the falsity — scienter; (3) intent by the defendant to deceive the plaintiff; (4) justifiable reliance by the plaintiff; and (5) damage caused by reliance.  *Philipson & Simon v. Gulsvig*, 154 Cal. App.

4

4th 347, 363 (2007); *Globe Int'l v. Superior Court*, 9 Cal. App. 4th 393, 399 (1992).  When the misrepresentation is based on a concealment or non-disclosure of material fact, a plaintiff must additionally plead that: (1) a fiduciary relationship exists; (2) the defendant had exclusive knowledge of material facts not known to plaintiff; (3) the defendant concealed a material fact from plaintiff; or (4) the defendant made partial representations while suppressing some facts.  *See LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).

Here, Plaintiff generically asserts that "Defendants have not offered an accounting" and "concealed material facts known to them but not to Plaintiff regarding the pooling of this loan into a trust, and the fact that they did not own the Note".   (FAC, ¶¶  22, 24.) However, nowhere in his FAC does he allege an intent to deceive.  Accordingly, his claim should be dismissed on this ground alone.

Plaintiff does not allege the "who, what, when, where and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff's vague allegations are simply insufficient to support a fraud claim.  Plaintiff has not even identified the individuals who allegedly made these representations.  Moreover, Plaintiff's fraud claim fails because he has not alleged the specific representations made by Defendants, explained who made the representations, or set forth how a party that did not make the alleged representations can be held responsible for them.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (holding plaintiff must "'inform each defendant separately of the allegations surrounding his alleged participation in the fraud'" and in "the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of [each] defendant [] in the alleged fraudulent scheme'") (citations omitted).  Accordingly, Plaintiff's fraud claim is deficient and should be dismissed.

Because Plaintiff also bases his fraud claim on concealment (see FAC, ¶ 24), he must allege a fiduciary relationship. See *LiMandri, supra*, 52 Cal. App. 4th 326, 336 (1997).  However, it is well established that banks do not owe their borrowers a fiduciary duty as a matter of California law.  *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (emphasis supplied); *see also Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 981

1   (1993) (rejecting a borrower's fiduciary duty claim and holding that in a normal lender-

2   borrower relationship there is no fiduciary duty as a matter of law).  Accordingly, Plaintiff

3   cannot establish this element of fraud and his claim should be dismissed with prejudice.

4        Plaintiff's Second Cause of Action for fraud is also preempted by the Home Owners

5   Loan Act, 15 U.S.C. § 1641 ("HOLA"), and its implementing regulation, 12 C.F.R. § 560.2(b).

6   Congress enacted HOLA to restore public confidence by creating a nationwide system of federal

7   savings and loan associations to be centrally regulated according to nationwide "best practices."

8   *Bank of America v. City and County of San Francisco*, 309 F.3d 551, 559 (9th Cir. 2002).

9        Through HOLA, Congress gave the Office of Thrift Supervision ("OTS") broad

10  authority to issue regulations relating to federal savings associations such Downey Savings.

11  *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008); 12 U.S.C. § 1464. OTS

12  promulgated 12 C.F.R. § 560.2 as a preemption regulation, which "'has no less preemptive

13  effect than federal statutes.'"  *Silvas*, 514 F.3d at 1005.  Section 560.2(a) provides that ". . . OTS

14  hereby occupies the entire field of lending regulation for federal savings associations.  OTS

15  intends to give federal savings associations maximum flexibility to exercise their lending powers

16  in accordance with a uniform federal scheme of regulation."  The OTS lists specific types of

17  state laws that are preempted by HOLA, including: the terms of credit, processing, origination,

18  servicing, sale or purchase of, or investment or participation in, mortgages. 12 C.F.R.

19  §§ 560.2(b)(4) and (10).

20       Plaintiff's allegations pertain to the processing, and servicing of the Loan and are

21  therefore preempted by 12 C.F.R. § 560.2(b)(10); see *Remo v. Wachovia Mortg.*, 2011 U.S.

22  Dist. LEXIS 86607, 14-15 (N.D. Cal. Aug. 5, 2011).

23  **C.**   **The Third Cause Of Action For "Willful And Oppressive Foreclosure" Fails.**

24       Plaintiff asserts his Third Cause of Action for "Willful and Oppressive Foreclosure"

25  against all "Defendants" and alleges in conclusory fashion that none of the "Defendants"

26  owned or were the holder in due course of the Note" and the defendants violated California

27  Civil Code Section 2923.5(a).  (FAC, ¶, ¶ 29, 32.)

28

Although Plaintiff admits he borrowed $762,000 from Downey Savings and Loan Association, F.A. (now U.S. Bank) that was secured by a deed of trust (FAC, ¶ 12), he attempts to fabricate a controversy by alleging that defendants – he does not identify exactly which defendants -- were not permitted to foreclose because they were not the present "holder" of Plaintiff's promissory note.  (FAC, ¶29, 39.)  California law does not require that Defendants actually possess or hold the original promissory note to institute non-judicial foreclosure.  *Sicairos v. NDEX West, LLC*, 2009 WL 385855 *2-*3 (S.D. Cal. 2009).

The California legislature has enacted a comprehensive set of statutes governing non-judicial foreclosures.  *Moeller v. Lien*, 35 Cal. App. 4th 822, 834 (1994).  Nowhere in that statutory scheme is a requirement that the lender or trustee produce the original promissory note upon the borrower's demand or before initiating foreclosure proceedings.  Imposing such a requirement when the legislature saw fit to leave it out would be inappropriate.

Plaintiff also alleges in conclusory fashion that Defendants violated California Civil Code Section 2923.5 and 2923.6.  However, Plaintiff's meager allegation regarding non-compliance with 2923.5 does not state a violation of this statute.  First, Plaintiff incorrectly asserts that the Notice of Default did not include a declaration as required by Civil Code section 2923.5.  A quick review of the Notice of Default establishes that the required declaration was included in this document. (See RJN, Exh. 3.)  Plaintiff also alleges in conclusory terms that there was a violation.

Plaintiff leaves Defendants and this Court guessing as to how they violated section 2923.6.  He alleges that "foreclosing Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, the failed to comply with . . . [section] 2923.6."  (FAC, ¶ 34.)

The Third Cause of Action cannot withstand scrutiny because section 2923.6 does not create a private right of action to enforce its provisions.  *Pfeifer v. Countrywide Home Loans, Inc*., 211 Cal.App.4th 1250, 1282, n. 17 (2012).  Section 2923.6 "merely expresses

1  the hope that lenders will offer loan modifications on certain terms." *Mabry v. Superior*

2  *Court*, 185 Cal. App. 4th 208, 222-223 (2010).  Put simply, "[t]here is no 'duty' under

3  Civil Code section 2923.6 to agree to a loan modification*." Intengan v. BAC Home Loans*

4  *Servicing LP*,  214 Cal.App.4th 1047, 1055 (2013) citing  *Hamilton v. Greenwich Investors*

5  *XXVI, LLC*, 195 Cal.App.4th 1602, 1617 (2011). Accordingly, this Court should sustain

6  U.S. Bank's Demurrer to the First Cause of Action, without leave to amend.

7           To the extent section 2923.6 creates a private right of action (which it does not), any

8  claim under section 2923.6 is preempted by the Home Owners Loan Act, 12 U.S.C. §§ 1461

9  et seq. ("HOLA"), and its implementing regulation, 12 C.F.R. § 560.2(b). *Wornum v. Aurora*

10  *Loan Servs*., 2011 U.S. Dist. LEXIS 89461 at *25 (N.D. Cal. Aug. 11, 2011).  The OTS

11  lists specific types of state laws that are preempted by HOLA, including: the terms of credit,

12  processing, origination, servicing, sale or purchase of, or investment or participation in,

13  mortgages.  12 C.F.R. §§ 560.2(b)(4) and (10).  While Plaintiff's allegations regarding a

14  violation of 2923.6 are non-existent, to the extent they relate to review of a loan modification

15  application, such a claim would be preempted because it relates to the origination, processing,

16  and/or servicing of Plaintiff's loan and is therefore preempted by 12 C.F.R. § 560.2(b)(10).

17  Courts reviewing this issue have found that state law claims relating to loan modification are

18  preempted by HOLA.  See e.g., *Tuck v. Wells Fargo Home Mortg*., 2012 U.S. Dist. LEXIS

19  97777, *15  (N.D. Cal. July 13, 2012) (promissory estoppel claim preempted by HOLA); see

20  also *Biggins v. Wells Fargo & Co*., N.D.Cal.2009, 266 F.R.D. 399, 417 [Unfair Competition

21  Law based on violation of California Civil Code Section 2923.6 preempted by HOLA].

22  Accordingly, the Third Cause of Action fails.

23  **D.     The Fourth Cause Of Action For Slander Of Title Fails As A Matter Of Law.**

24           In his Fourth Cause of Action, Plaintiff alleges that Defendants slandered title by

25  "wrongfully and without privilege, caused said Notice of Default to be recorded on the

26  Subject Property."  (FAC, ¶ 37.)  This claim fails.

27           Plaintiff's slander of title claim fails because under the California Civil Code

28  section 47(b), the filing of a Notice of Default is absolutely privileged.  See *Sanchez v.*

8

1  *MortgageIt, Inc.*, 2011 U.S. Dist. LEXIS 13142 (N.D. Cal. Feb. 10, 2011) (the mailing,

2  publication, and delivery of a notice of default as required by statute constitutes privileged

3  communications under Civil Code section 47); *Salazar v. Accredited Home Lenders, Inc.*,

4  2010 U.S. Dist. LEXIS 66599 (S.D. Cal. July 2, 2010) (communications in connection

5  with foreclosure are privileged).   Civil Code § 47(b) states in relevant part:

6        A privileged publication or broadcast is one made: . . . . (b) in
          any (1) legislative proceeding, (2) judicial proceeding, (3) in
7        any other official proceeding authorized by law, or (4) in the
          initiation or course of any other proceeding authorized by law
8        and reviewable pursuant to Chapter 2 (commencing with
          Section 1084) of Title 1 of Part 3 of the Code of Civil
9        Procedure . . .

10       The Legislature has expressly stated foreclosure proceedings fall within the

11  protections of this section. California's Civil Code § 2924(d), states: "the following shall

12  constitute privileged communications pursuant to Section 47: (1) The mailing, publication,

13  and delivery of notices as required by this section. (2) Performance of the procedures set

14  forth in this article."  Here, Plaintiff's slander of title claim is based on the filing of a

15  Notice of Default in connection with foreclosure proceedings, which is privileged by

16  section 47(b).

17       Plaintiff has failed to allege any facts or provide any information regarding how the

18  Notice of Default amounts to slander or how he has been wrongfully affected by the filing

19  of the Notice of Default.

20       Slander of title may be defined to be defamation of title to property, real or

21  personal, by one who falsely and maliciously disparages the title thereto, and thereby

22  causes the owner thereof some special pecuniary loss or damage.  *Howard v. Schaniel*, 113

23  Cal. App. 3d 256, 263 (1980).  Admittedly under this definition slander of title may be

24  committed by maliciously clouding the title to real property and causing damage to the

25  owner thereof by the execution, willful acceptance, and malicious recordation of a deed

26  which falsely declares the title of the property involved to be in a person other than the true

27  owner.  *Id*.  To establish slander of title, a plaintiff must establish four elements: (1) a

28  publication, (2) which is without privilege or justification, (3) which is false, and (4) which

9

1  causes direct and immediate pecuniary loss. *Id*. at 263-264.  Malice is also an essential

2  element of actionable slander of title.  *Spencer v. Harmon Enterprises, Inc*., 234 Cal. App.

3  2d 614, 622 (1965).  Such malice may be express or implied, and the courts only require a

4  finding or implication of malice in law rather than actual malice.  *Gudger v. Manton*, 21

5  Cal. 2d 537 (1943) (overruled in part by, *Albertson v. Raboff*, 46 Cal. 2d 375 (1956)).

6  Here, Plaintiff has not pled the elements necessary to support a slander of title

7  claim.  First, and most importantly, Plaintiff fails to plead facts establishing that recording

8  a Notice of Default was not justified in this case.  For instance, Plaintiff does **not** allege

9  that Plaintiff fully and completely complied with the loan documents or that no default

10 occurred.  Code of Civil Procedure section 2924(a)(1)(B) specifically authorizes the

11 recording of a notice of default upon "a breach of the obligation for which the mortgage or

12 transfer in trust is security has occurred."

13 Second, nowhere in the FAC does Plaintiff plead any facts establishing that

14 Defendants acted with malice.  Moreover, where the complaint discloses a case of

15 qualified privilege, no malice is presumed and in to state a cause of action the pleading

16 must contain affirmative allegations of malice in fact.  *Id.* at 1209-1210. Averments of

17 ultimate fact and conclusions of law are insufficient to avoid a demurrer.  *Skopp v. Weaver*,

18 16 Cal. 3d 432, 437 (1976).  Without pleading specific facts, Plaintiff's slander of title

19 claim fails.

20 Finally, Plaintiff does not allege that he suffered any direct pecuniary loss as a

21 result of the recording of the Notice of Default.  Accordingly, Plaintiff's Fourth Cause of

22 Action should be dismissed with prejudice.

23 **E.     The Fifth Cause Of Action For Cancellation Of  Trustee's Deed Upon Sale**

24 **States No Basis To Set Aside The Trustee's Sale.**

25 At the onset, it is important to note that no Trustee's Deed Upon Sale has been

26 recorded, despite Plaintiff's labeling of this cause of action.

27 Under California Civil Code § 3412, "a written instrument in which there is

28 reasonable apprehension that if left outstanding it may cause serious injury to a person

10

1  against who it is void or voidable, may, upon his application, be so adjudged, and ordered

2  to be delivered up or canceled." (emphasis added.)  An instrument cannot be canceled

3  merely at the pleasure of one of the parties, nor because the instrument was merely

4  improvident.  *Joshua Hendy Machine Works v. American Steam-Boiler Ins. Co. of New*

5  *York*, 86 Cal. 248 (1890); *Bretthauer v. Foley*, 15 Cal. App. 19 (1910).  The action for

6  cancellation must be based on grounds such as fraud or mistake, or for any other reason

7  demonstrating that the instrument is void or voidable.  *Hironymous v. Hiatt*, 52 Cal. App.

8  727 (1921).

9        Here, Plaintiff fails to adequately allege fraud or mistake for the reasons discussed

10  in section IV. B and C.  Plaintiff does not allege any facts to warrant cancellation of any

11  foreclosure documents.  Furthermore, in the absence of contrary evidence, a foreclosure

12  sale is presumed to have been conducted with regularity and fairness.  *Hohn v. Riverside*

13  *County Flood Control & Water Conserv. Dist*, 228 Cal.App.2d 605 (1964).  As a result,

14  Plaintiff's alleged reasons for setting aside the Notice of Default and the Trustee's Sale fail

15  to give rise to the relief he seeks.

16  **F.**    **The Sixth Cause Of Action For Unlawful Business Practices In Violation Of**

17      **Business And Professions Code §§ 17200 Fails.**

18      **1.**    **The § 17200 claim is preempted by the Home Owners Loan Act,**

19          **12 U.S.C Section 1464.**

20        Like Plaintiff's Second Cause of Action for fraud, Plaintiff's Sixth Cause of Action

21  under section 17200 is preempted by HOLA 12 U.S.C. section 1464.  In section 560.2(b),

22  the OTS lists specific types of state laws that are preempted by HOLA, including the terms

23  of credit, and the "processing, origination, servicing, sale or purchase of, or investment or

24  participation in, mortgages . . . .".  12 C.F.R. § 560.2(b)(4), (b)(10).  A number of federal

25  courts have held that section 17200 is preempted by HOLA because such a cause of action

26  seeks to regulate the origination or processing of loans.  *Silvas*, 514 F.3d at 1006; *Kanady*

27  *v. GMAC Mortgage, LLC,* 2010 U.S. Dist. LEXIS 108945, at *13 (N.D. Cal. Oct. 13,

28  2010); *Bassett v. Ruggles*, 2010 U.S. Dist. LEXIS 37666 (E.D. Cal. Apr. 15, 2010).

1       Here, Plaintiff alleges that the unlawful business practices include the "overly-

2  aggressive servicing in the assessment of unwarranted and unfair fees . . . and illegal

3  foreclosure proceedings"   (FAC, ¶ 49.)  Thus, Plaintiff's section 17200 claims necessarily

4  involve the servicing of the Loan.  Accordingly, because these claims are preempted, this

5  Court should dismiss Plaintiff's Sixth Cause of Action.

6       2.       This claim is not specifically pleaded.

7       Claims under section 17200 that are grounded in fraud must be pled with

8  particularity pursuant to rule 9(b) of the Federal Rules of Civil Procedure.  *Kearns v. Ford*

9  *Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) citing *Vess v. Ciba-Geigy Corp. USA*, 317

10  F.3d 1097, 1103 (9th Cir. 2003) ("We have specifically ruled that rule 9(b)'s heightened

11  pleading standards apply to claims for violations" of section 17200).  Rule 9(b) provides

12  that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated

13  with particularity."  Any averments that do not meet that standard should be

14  "disregarded," or "stripped" from the claim for failure to satisfy rule 9(b).  *Kearns*, 567

15  F.3d at 1124.  Averments of fraud must be accompanied by 'the who, what, when, where,

16  and how' of the misconduct charged."  *Id*.  A party alleging fraud must "set forth more than

17  the neutral facts necessary to identify the transaction."  *Id*.  In addition to the "time, place

18  and content of an alleged misrepresentation," a complaint "must set forth what is false or

19  misleading about a statement, and . . . an explanation as to why the statement or omission

20  complained of was false or misleading."  *Yourish v. Cal. Amplifier,* 191 F.3d 983, 993 n.10

21  (9th Cir. 1999).

22       In addition, to establish that the defendant acted unlawfully under section 17200, a

23  plaintiff must specifically identify the statutory violation.  A "violation of another law is a

24  predicate for stating a cause of action under the [section 17200's] unlawful prong."

25  *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007).  "In effect,

26  [section 17200] borrows violations of other laws… and makes those unlawful practices

27  actionable under the [section 17200]."  *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505

28  (1999).  A claim for violation of section 17200 stands or falls depending on the fate of

12

1   antecedent substantive causes of action.  See *Krantz v. BT Visual Images*, 89 Cal. App. 4th

2   164, 178 (2001); *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 9l7, 940-941 (2003).

3          Here, Plaintiff pleads conclusory allegations that U.S. Bank made the the "overly-

4   aggressive servicing in the assessment of unwarranted and unfair fees . . . and illegal

5   foreclosure proceedings."  (FAC, ¶ 49.)  Plaintiff fails to plead any facts stating (i) how

6   Defendants acted unlawfully or unfairly, and (ii) how Plaintiff suffered any damages as a

7   result of these actions.  Plaintiff leaves Defendants and this Court in the dark as to these

8   critical facts.  Such meager pleading fails to comply with the heightened pleading

9   requirements for stating a claim under section 17200 and should be dismissed.

10  **G.**     **The Seventh Cause Of Action Fails Because Possession Of The Note Is Not**

11        **Prerequisite To Foreclosure.**

12         Plaintiff cites Uniform Commercial Code 3–309 for the proposition that to enforce a

13  note, one must be in possession of that note. (FAC, ¶¶ 54-55.)  This provision of the UCC

14  pertains to negotiable instruments, not non-judicial foreclosure under deeds of trust, which

15  is governed by California Civil Code section 2924, et seq.  Section 2924(a)(1) provides

16  that a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct

17  the foreclosure process. Cal. Civ.Code § 2924(a)(1). California courts have held that the

18  Civil Code Provisions "cover every aspect" of the foreclosure process*, I.E. Assocs. v.*

19  *Safeco Title Ins. Co*., 39 Cal.3d 281, 285 (1985), and are "intended to be exhaustive,"

20  *Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994).  There is no requirement that the party

21  initiating foreclosure be in possession of the original note and courts have repeatedly held

22  that possession of the original note is not a prerequisite to foreclosure. See, e.g., *Candelo v.*

23  *NDEX West, LLC*, 2008 WL 5382259, at *4 (E.D.Cal. Dec.23, 2008) ("No Requirement

24  exists under statutory framework to produce the original note to initiate non-judicial

25  foreclosure."); *Putkkuri v. ReconTrust Co*., 2009 WL 32567, at *2 (S.D. Cal. Jan 5, 2009)

26  ("Production of the original note is not required to proceed with a non-judicial

27  foreclosure.").  This claim is meritless and should be dismissed with prejudice.

28

MEMORANDUM OF POINTS AND AUTHORITIES

**H.    The Eighth Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Is Deficient.**

In the Eighth Cause of Action, Plaintiff alleges that Defendants breached the implied covenant by "fraudulently representing they could offer solutions to foreclosure and adding excessive fees".  (FAC, ¶ 62.)

In California, the implied covenant of good faith and fair dealing is a covenant judicially imposed in every contract, and it provides that one party to a contract will not do anything to prevent the other party to the contract from obtaining the benefits of the agreement.  *See, e.g., Schoolcraft v. Ross*, 81 Cal. App. 3d 75 (1978).  The implied covenant of good faith and fair dealing cannot be used to vary the express terms of a contract.  *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 479 (1989) (lender entitled to enforce the loan agreement in accordance with its terms, and the implied covenant could not be used to vary those terms); *Ford v. Manufacturers Hanover Mort. Corp.*, 831 F. 2d 1520, 1524 (9th Cir. 1987) ("California observes 'the traditional rule that a covenant of good faith and fair dealing will not be implied to vary the express unambiguous terms of a contract.'") (*citing Milstein v. Security Pac. Nat. Bank*, 27 Cal. App. 3d 482, 487 (1972)).

Here, Plaintiff does not point to any contractual provisions that Defendants violated under the loan documents.  He does not even allege the terms of the purported contract and he does not allege any specific acts undertaken by Defendants that violated the covenant of good faith and fair dealing pursuant to any alleged contract.  At best, Plaintiff appears to allege U.S. Bank did not modify his loan.  (FAC, ¶ 62.)  However, such an allegation lacks merit because there is no right to a loan modification under California law.  *Mabry v. Superior Court of Orange County*, 185 Cal. App. 4th 208, 231 (2010); *McReynolds v. HSBC Bank USA*, 2012 U.S. Dist. LEXIS 114615, *13 n.3 (N.D. Cal. Aug. 14, 2012).  Accordingly, the Eighth Cause of Action fails.

///
///

MEMORANDUM OF POINTS AND AUTHORITIES

# V.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant their motion to dismiss and dismiss the First Amended Complaint in its entirety.

Dated: December 20, 2013                    OFFICE OF THE GENERAL COUNSEL


By: ___s/ Eric M. Alderete_____
Attorney of Record for Defendants,
U.S. BANK NATIONAL ASSOCIATION,
SUCCESSOR IN INTEREST TO THE
FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
DOWNEY SAVINGS AND LOAN
ASSOCIATION, F.A. AND DEUTSCHE BANK
NATIONAL TRUST COMPANY AS
TRUSTEE FOR HARBORVIEW MORTGAGE
LOAN TRUST 2005-4
E-mail: eric.alderete@usbank.com